PETER BERTLING CA Bar No. 131602
Email: peter@bertlinglawgroup.com
Peter Bertling Law Group
   21 East Canon Perdido St., Suite 204B
   Santa Barbara, CA 93101
   Telephone: 844.295.7558

KEVIN OWEN (*pro hac vice forthcoming*)
kowen-efile@gelawyer.com
Gilbert Employment Law, P.C.
   8403 Colesville Rd., Suite 1000
   Silver Spring, MD 20910
   Telephone: 301.608.0880

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| **ROBERTA WILSON**, | ) | |
| | ) | |
| v. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| **TODD BLANCHE**, | ) | |
| Acting Attorney General | ) | |
| U.S. Department of Justice | ) | |
| and | ) | |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE.** | ) | |

## COMPLAINT

**Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; Discrimination in Violation of the Age Discrimination in Employment Act, 29 U.S.C. § 633a; Discrimination in Violation of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff-1(a); Discrimination in Violation of the First Amendment of the United States Constitution**

Plaintiff, Roberta Wilson, by and through her undersigned attorneys, files this Complaint for declaratory, injunctive, and monetary relief against her former employer, the Department of Justice (hereinafter, "DOJ" or "the Agency") and Acting Attorney General Todd Blanche in his official capacity (collectively, "Defendants"), to seek redress for Defendants' violations of Title

VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C. §§ 2000e, *et seq*., the Age

Discrimination in Employment Act ("ADEA") 29 U.S.C. § 633a, the Rehabilitation Act of 1973,

29 U.S.C. § 705 *et. seq.*, the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. §

2000ff(a) and the First Amendment of the United States Constitution.

## JURISDICTION

1.      This Court has jurisdiction under 28 U.S.C. § 1331 because this case arises under

the Constitution and the laws of the United States. Jurisdiction is also proper under 42 U.S.C. §

2000e-5(f)(3), which applies pursuant to 42 U.S.C. § 2000e-16(d). The Court has authority to

provide relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Mandamus Statute,

28 U.S.C. § 1361.

2.      Venue is proper pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3). That is so

because, among other things, but for the discriminatory practices, Plaintiff would have worked in

Concord, California, within the Northern District of California. Venue is also proper under 28

U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to the claim

occurred in Concord, California, within the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3.      Assignment to the San Francisco Division of this District is proper pursuant to

Civil Local Rule 3-2(c)-(d) because at all times relevant to this complaint, Plaintiff resided in and

was employed within Contra Costa County, wherein all acts or omissions complained thereof

took place.

COMPLAINT

## PARTIES

4.     Plaintiff Wilson is an adult female who, at all times relevant to this complaint, resided in Contra Costa County within the State of California. Plaintiff is a citizen of the United States.

5.     Defendant Todd Blanche is the Acting Attorney General, the head of the Department of Justice. Defendant Blanche is sued in his official capacity.

6.     Defendant United States Department of Justice is the agency which formerly employed Plaintiff.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.     On September 30, 2025, Plaintiff contacted the Defendant DOJ's Equal Employment Opportunity ("EEO") Office and initiated informal counseling on her Title VII claims.

8.     On January 12, 2026, Plaintiff filed a Formal Complaint of Discrimination with Defendants' EEO Office raising her Title VII claims. In accordance with 42 U.S.C. § 2000e-16 and 29 C.F.R. § 1614.106(b), Plaintiff filed that Complaint following completion of informal counseling and within fifteen (15) days of Plaintiff's final interview and receipt of notification from her EEO counselor of her right to file a formal complaint.

9.     On May 12, 2026, Defendants issued a Final Agency Decision under 29 C.F.R. § 1614.110 dismissing the Complaint for failing to state a claim.

10.     According to the Final Agency Decision, Defendants' failure to convert Plaintiff's Immigration Judge position from a probationary to a permanent position and their termination of her employment:

> w[ere] a lawful exercise of the Attorney General's authority under Article II of the Constitution. Article II of the Constitution allows the President and heads of

COMPLAINT

departments exercising his power to remove inferior officers without cause, subject to only narrow exceptions that do not apply to your former position. No statute provides otherwise, and even if it did, the statute would run afoul of Article II.

11.     Plaintiff filed the instant action within 90 days of receipt of the Agency's final action pursuant to 29 C.F.R. § 1614.407(a) and 42 U.S.C. § 2000e-16(c).

### FACTS GIVING RISE TO RELIEF

12.     Plaintiff is an African American woman.

13.     Plaintiff was appointed to serve as an Immigration Judge with DOJ's Executive Office of Immigration Review ("EOIR") Concord Immigration Court on September 24, 2023.

14.     Pursuant to DOJ policy and practice, upon appointment, Immigration Judges serve a two-year probationary period after which their appointments are routinely converted to permanent positions.

15.     Throughout her employment, and during her probationary period as an Immigration Judge, Plaintiff Wilson met or exceeded all performance standards.

16.     During her tenure, Plaintiff's assigned annual case completion target was 700 cases per year. Plaintiff exceeded her case completion target, completing more than 894 cases in FY2024, and, at the time of her non-conversion, a total of approximately 1,810 cases. She also surpassed the requirements for the minimum percentage of non-detained cases completed within 10 days of the final hearing (93%) as well as the minimum percentage of motions adjudicated within 20 days (99%).

17.     Plaintiff Wilson received satisfactory assessments—the highest possible rating—in her probationary period reports for FY2024 and FY2025.

18.     At no time during her service as an Immigration Judge did the Agency ever issue Plaintiff any form of discipline.

4
COMPLAINT

19.    Starting on January 20, 2025, four women in permanent leadership positions within EOIR were terminated in close succession without stated cause. This included then-Chief Immigration Judge Sheila McNulty.

20.    On or about February 14, 2025, several female Assistant Chief Immigration Judges (ACIJs) were terminated, including Judge Megan Jackler, Judge Rebecca Walters, Judge Noelle Sharp, Judge Megan Herndon, and Judge Rhana Ishimoto.

21.    In January and February 2025, then-Acting Director Sirce Owen issued a series of policy memorandums that were hostile toward noncitizens, and noncitizen advocacy. Senior leadership of the Trump administration, including Deputy Chief of Staff for Policy and Homeland Security Advisor, Stephen Miller, and former-Attorney General Pamela Bondi, have publicly accused immigrant advocacy organizations and lawyers representing noncitizens of committing immigration fraud and labeled them extremists aligned with domestic terrorism.

22.    In or around February 2025, Defendants began issuing numerous memoranda announcing the end to Diversity, Equity, and Inclusion ("DEI") efforts.

23.    The first memorandum, issued by then-Attorney General Pamela Bondi in February 2025, promised to "penalize illegal DEI and DEIA preferences," particularly based on sex and race.

24.    Other memoranda, issued by then-Acting Director Owen in February and March 2025, criticized the appointment practices of the prior administration, particularly Immigration Judges serving temporary appointments. The memoranda noted that the Agency had reviewed the hiring materials of any Immigration Judge hired under it, and alleged that persons of "certain backgrounds" were given favorable treatment over others. One memorandum concluded EOIR was "committed to rectifying those harms."

COMPLAINT

25. Together, the memoranda laid bare management's hostility to hiring individuals with immigrants' rights backgrounds, women, ethnic minorities, and others who may be considered "DEI" hires.

26. Coinciding with these memoranda, EOIR terminated a disproportionate number of Immigration Judges who were women, people of color, ethnic minorities, and persons associated therewith.

27. On September 19, 2025, Plaintiff received notice the Attorney General decided not to convert her appointment into a permanent position. Her termination was effected on September 23, 2025. DOJ's dismissal letter stated: "Pursuant to Article II of the Constitution, the Attorney General has decided not to extend your term or convert it to a permanent appointment."

28. Upon information and belief, the Immigration Judges not converted and/or terminated in and around the same time as Plaintiff were overwhelmingly female, including Lucy Billings of the New York – Varick Immigration Court, Carmen Maria Rey Caldas of the New York - Federal Plaza Immigration Court, Chloe Dillon of the San Francisco Immigration Court, Jenna Peyton of the Chicago Immigration Court, Elaine Cintron of the Aurora Immigration Court, Jennifer Durkin of the New York - Varick Immigration Court, Kyra Lilien of the Concord Immigration Court, Nicole Lomartire of the Annandale Immigration Court, Jane Miller of the Indianapolis Immigration Court, Jody Barilla of the Chicago Immigration Court, Zahra Jivani Fenelon of the Houston Immigration Court, Ila Deiss of the San Francisco Immigration Court, Jami Vigil of the San Francisco Immigration Court, Vicenta Banuelos Rodriguez of the Imperial Immigration Court, Elisa Brasil of the San Francisco Immigration Court, Zahra Jivani Fenelon of the Houston Immigration Court, Tania Nemer of the Cleveland Immigration Court, Irma Pérez of the West Los Angeles Immigration Court, Sarah Torres of the Concord Immigration Court; Lisa

6
COMPLAINT

Calero of the Concord Immigration Court; Stephanie Tobosa-Smit of the Concord Immigration Court; Shira Levine of the San Francisco Immigration Court; Amber George of the San Francisco Immigration Court; Arwen Swink of the San Francisco Immigration Court; Shuting Chen of the San Francisco Immigration Court; Davené Walker of the Hyattsville Immigration Court, Wendy Wedderburn of the New York – Varick Immigration Court, and Karen McDowell of the Concord Immigration Court.

29.     Several judges who Defendants did not convert to permanent Immigration Judges in around the same time as Plaintiff were African American, including Davené Walker of the Hyattsville Immigration Court, Wendy Wedderburn of the New York – Varick Immigration Court, and Karen McDowell of the Concord Immigration Court. Upon information and belief, Plaintiff and Judge McDowell were the only African American Judges in the Concord Immigration Court; Plaintiff, Judge Walker and Judge Wedderburn were the only African American Judges in the September 2023 Immigration Judge class.

30.     Around the time of Plaintiff's termination, white male judges with similar performance metrics at Plaintiff's Immigration Court were converted to permanent positions and/or retained, including Justin Price, Jacob Stender, Jeremy Butler and Colin Eichenberger.

31.     The Immigration Judge hired after Plaintiff's non-conversion and termination in or around February 2026, Stephen F. Keane, was white and male. Stephen F. Keane had no experience in immigration law, whereas Plaintiff had over fifteen years' experience practicing immigration law prior to her appointment.

32.     White female judge Heather Libeu of the Santa Ana Immigration Court was converted to a permanent position.

COMPLAINT

33.    Upon information and belief, since January 2025, the Immigration Judges who have been terminated from the Concord Immigration Court are exclusively female, and the Immigration Judges who have been converted and newly hired are exclusively male.

34.    Prior to joining EOIR, Plaintiff spent approximately fifteen years between 2008 and 2023 working at the Law Office of Monika Sud-Deveraj & Associates as an immigration attorney advocating for non-citizens before EOIR, and the Department of Homeland Security.

35.    From 2007 to 2008, Plaintiff worked as a private criminal defense attorney.

36.    From 2005 to 2007, Plaintiff served as a public defender with the Pinal County Public Defender's Office in Florence, Arizona.

37.    Between 2005 and 2008, both as a public defender and as a private criminal defense attorney, Plaintiff represented immigrants facing criminal charges.

38.    On March 6, 2020, Plaintiff argued before the Ninth Circuit Court of Appeals that Arizona's narcotic drug statute was overbroad and therefore her lawful permanent resident client could not be deported for his Possession of Narcotic Drugs for Sale conviction.[1] Plaintiff's oral argument resulted in a published decision.[2]

39.    In 2009, Plaintiff Wilson founded JSW Charities, an immigrant advocacy non-profit organization assisting children in foster care to obtain dependency orders and Special Immigrant Juvenile Status. She served as the Director until 2013.

40.    EOIR management knew of Plaintiff's background and activity advocating for immigrants and immigrant rights at the time of hire because it was included in the resume that she submitted with her application to serve as an Immigration Judge. Additionally, Defendant

---

[1] Respondent Oral Argument at 0:02-6:13, *Ernesto Hernandez Cabanillas v. Barr*, Case No. 17-72893 (Mar. 6, 2020), available at https://www.ca9.uscourts.gov/cases/streams-videos/archive?case=17-72893&hearingDate=2020-03-06.
[2] *Romero-Millan v. Garland*, 46 F4th 1032 (9th Cir. 2022).

8
COMPLAINT

DOJ detailed Plaintiff's background in its November 7, 2023, announcement of its new Immigration Judges.

41.     Plaintiff was a member of the American Immigration Lawyer's Association between 2008 and 2023.

42.     Upon information and belief, Defendants were aware of Appellant's associations with individuals targeted by the Trump administration prior to her termination date.

43.     Several of the Immigration Judges and Appellate Immigration Judges who were not converted to permanent positions and/or who were terminated around the time of Plaintiff's removal had backgrounds advocating for immigrants and immigrant rights prior to the time they were hired by Defendant DOJ, including Irma Pérez of the West Los Angeles Immigration Court, Christopher McNary of the Santa Ana Immigration Court, Sameer Ahmed of the Boston Immigration Court, Carla Espinoza of the Chicago Immigration Court, Lucy Billings of the New York – Varick Immigration Court, BIA Judge Homero López, George Pappas of the Boston Immigration Court, Amber George of the San Francisco Immigration Court, Arwen Swink of the San Francisco Immigration Court, Shira Levine of the San Francisco Immigration Court, Sarah Torres of the Concord Immigration Court, Stephanie Tobosa Smit of the Concord Immigration Court, Lisa Calero of the Concord Immigration Court, Shuting Chen of the San Francisco Immigration Court, and Kyra Lilien of the Concord Immigration Court.

44.     Several Immigration Judges and Appellate Immigration Judges with exclusively prosecutorial immigration law backgrounds or who otherwise had never represented or advocated for non-citizens were converted to permanent positions around the time of Plaintiff's termination, including Heather Libeu of the Santa Ana Immigration Court; Monica Neumann of the Miami Immigration Court; Sasha Xu of the Federal Plaza Immigration Court; Brandi Lohr of

the Buffalo Immigration Court; Jacquelyn Jo Joyce of the Houston Immigration Court; Elizabeth Treacy of the Chicago Immigration Court; Robert Lundberg of the Annandale Immigration Court; and Colin Eichenberger of the Concord Immigration Court.

45.    Plaintiff's daughter is diagnosed with cerebral palsy due to chromosomal deletion, a genetic inheritance. Plaintiff Wilson's Daughter's Person-Centered Service Plan, dated April 16, 2024, which documents her disability, symptoms, and medical supports, was contained within Plaintiff's personnel file at the time of her termination.

46.    In 2023, Plaintiff and her daughter published a children's book. The protagonist of the book is a little tree who uses a wheelbarrow to get around. Plaintiff and her daughter were the subject of at least two news stories after they released the book. ABC's Tempe, Arizona affiliate aired and published one story, identifying Plaintiff's daughter as a "a nonverbal fifth grader." The story included an interview with Plaintiff, discussing her daughter, the book and her daughter's special education teacher.

47.    Upon information and belief, Defendants were aware Plaintiff's daughter had a disability caused by a genetic mutation prior to Plaintiff's termination date.

48.    Defendant's decision to terminate Plaintiff was motivated in whole or in part by her sex (female), race (African American), association with a disabled individual, genetic information, and/or association with immigrants and immigrant advocacy groups.

<u>**COUNT ONE**</u>

**Discrimination in Violation of Title VII of the Civil Rights Act of 1964**

49.    Plaintiff Wilson incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-48 of this Complaint.

COMPLAINT

50.    Plaintiff was not hired to a permanent position because of her sex and race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*

51.    Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal.

52.    As a direct and proximate result of the unlawful acts of Defendant, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation and mental distress.

## COUNT TWO

### Discrimination in Violation of the Rehabilitation Act of 1973

53.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-48 of this Complaint.

54.    Plaintiff was not hired to a permanent position because of her association with an individual with a disability, in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 705 *et. seq.*

55.    Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal.

56.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation and mental distress.

## COUNT THREE

### Discrimination in Violation of the Genetic Information Nondiscrimination Act of 2008

57.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-48 of this Complaint.

11
COMPLAINT

58.    Plaintiff was not hired to a permanent position because of her genetic information, in violation of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. § 2000ff-1(a).

59.    Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal.

60.    As a direct and proximate result of the unlawful acts of Defendants, Plaintiff suffered and continues to suffer lost earnings and benefits, pain, suffering, humiliation and mental distress.

## COUNT FOUR

### Discrimination in Violation of the First Amendment of the United States Constitution

61.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-48 of this Complaint.

62.    Plaintiff was terminated because of her past association with organizations affiliated with political ideologies contrary to Defendants' in violation of the First Amendment of the U.S. Constitution.

63.    Defendants never provided a legitimate, non-pretextual justification for Plaintiff's removal.

## COUNT FIVE

### Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202

64.    Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-48 of this Complaint.

65.    Plaintiff is entitled to declaratory relief on the basis of all claims identified. There is a substantial ongoing controversy between Plaintiff and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that

Defendants did not have authority to remove Plaintiff on the basis of sex, race, association with a disabled individual, genetic information, prior association, or perceived political affiliation.

## COUNT SIX

### Mandamus

66.     Plaintiff incorporates by reference and re-alleges each of the allegations contained in paragraphs 1-48 of this Complaint.

67.     In the alternative, Plaintiff is entitled to mandamus or relief in the nature of mandamus commanding Defendants to return her to her office.

68.     Title VII, the Rehabilitation Act, the Genetic Information Nondiscrimination Act, and the First Amendment impose a ministerial duty on all Defendants not to discriminate on the basis of sex, race, association with a disabled individual, genetic information, prior association, and/or perceived political affiliation. Plaintiff is entitled to a mandamus returning her to her office. Absent this Court granting one of the counts identified above, there is no other adequate means of redress.

*     *     *

WHEREFORE, the premises considered, Plaintiff Wilson respectfully prays that this Honorable Court:

1.     Enter judgment on Plaintiff's behalf against Defendant;

2.     Award Plaintiff compensatory damages, and other damages;

3.     Reinstate Plaintiff to the position held prior to her unlawful terminations or other equivalent position;

4.     Award Plaintiff all lost pay;

5.     Award Plaintiff her court costs, expenses, attorneys' fees, and interest.

COMPLAINT

6.      Declare that Defendant's conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, the Rehabilitation Act of 1973, the Genetic Information Nondiscrimination Act of 2008, and the First Amendment of the U.S. Constitution;

7.      In the alternative, issue a mandamus; and

8.      Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure Plaintiff demands a jury trial as to all issues so triable.

Dated:

By:                                             By:

                                                *Kevin L. Owen*

Peter G. Bertling                               Kevin L. Owen
CA Bar No. 131602                               MD Bar No. 16693
Bertling Law Group                              OR State Bar No. 240687
21 East Canon Perdido Street, Suite 204B        Gilbert Employment Law, PC.
Santa Barbara, CA 93101                         8403 Colesville Road, Suite 1000
(805) 879-7558 Telephone                        Silver Spring, MD 20910
(805) 869-1597 Facsimile                        301-608-0880 Telephone
peter@bertlinglawgroup.com                      301-608-0881 Facsimile
                                                kowen-efile@gelawyer.com
                                                *Pro Hac Vice Forthcoming*


                    *Attorneys for Plaintiff Roberta Wilson*


14
COMPLAINT